[Civ. No. 14393.   Second Dist., Div. One.   May 5, 1944.]

MARIAN VALLERA, Respondent, v. CONCEZIO VALLERA, Appellant; LIDA CAPPELLO, Co-Respondent and Appellant.

Zagon, Aaron and Sandler and Robert Kingsley for Appellants.

William Ellis Lady for Respondent.

WHITE, J.—This litigation was commenced on July 17, 1940, when plaintiff filed her complaint in the usual form, seeking a decree for separate maintenance. Defendant and co-respondent filed answers. The cause proceeded to trial, following which the court made and filed its findings of fact, conclusions of law and order for judgment. In accordance with such proceedings, judgment was formally and regularly entered by the trial court on April 29, 1941.

Because the language of the judgment is pertinent to a disposition of the issues raised on this appeal, we deem it necessary to here set forth the concluding part of such judgment, reading as follows:

"ORDERED, ADJUDGED AND DECREED that plaintiff take nothing by her said complaint:

"FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff and defendant are not now, nor have they ever been, husband and wife;

"FURTHER ORDERED, ADJUDGED AND DECREED that there is no community property of plaintiff and defendant, [that all property acquired by plaintiff and defendant herein since December 16, 1938, and prior to July 6, 1940, is held by plaintiff and defendant as tenants in common, each owning an undivided one-half thereof, except such property as either may have acquired by gift, devise, bequest or descent].''

An attempted appeal by plaintiff from said judgment was

dismissed by Division Two of this Court on April 24, 1942 (*Vallera* v. *Vallera*, 51 Cal.App.2d 776 [124 P.2d 863]).

In the meantime, defendant herein perfected an appeal. from that portion only of the judgment contained in the last paragraph thereof quoted above, and which purported to assign the plaintiff certain property rights. For purposes of convenience, we have enclosed in brackets that portion of the judgment from which defendant appealed.

On March 1, 1943, the portion of the judgment appealed from by the defendant was reversed by the Supreme Court (*Vallera* v. *Vallera*, 21 Cal. 2d 681 [134 P.2d 761]).

Some months after the going down of the remittitur of the Supreme Court, plaintiff filed in the superior court a notice of motion for leave to file a proposed amended complaint, and on September 17, 1943, said court made and entered its order granting such motion and authorizing the filing of the proffered complaint. It is from such order that defendant prosecutes this appeal.

By her proposed amended complaint, plaintiff alleges that about the month of April, 1936, at which time she was a single woman, defendant represented to her that he was a single man and that she believed such representations. That during April, 1936, plaintiff and defendant ''not only agreed to enter into a marriage with each other and become husband and wife but they agreed to live together as husband and wife and to pool their earnings and share equally in their joint accumulations.'' Then follows allegations to the effect that pursuant to the said agreement, the parties established a home and at all times thereafter, in the cities of Detroit, Michigan, and Los Angeles, California, lived together as husband and wife until about May 27, 1940. The amended complaint also set forth that pursuant to the aforesaid agreement, and by reason of their joint efforts, plaintiff and defendant accumulated considerable property, totaling in value between $75,000 and $100,000. After alleging that on May 27, 1940, defendant abandoned plaintiff and that by a judgment of the superior court it was decreed that at no time did the relationship of husband and wife exist between the parties, plaintiff pleads by her amended complaint for an accounting of the alleged joint earnings of the parties; and that she be awarded one-half thereof.

It is at once apparent that by her proposed amended complaint plaintiff seeks to set up a cause of action in conformity

with that portion of the decision of the Supreme Court in the case of *Vallera* v. *Vallera, supra,* wherein, at page 685, it is said:

"Plaintiff's lack of good faith in alleging the belief that she had entered into a valid marriage would not, however, preclude her from recovering property to which she would otherwise be entitled. If a man and woman live together as husband and wife under an agreement to pool their earnings and share equally in their joint accumulations, equity will protect the interests of each in such property. (*Bacon* v. *Bacon,* 21 Cal.App.2d 540 [69 P.2d 884]; *Mitchell* v. *Fish,* 97 Ark. 444 [134 S.W. 940, 36 L.R.A.N.S. 838]; see *Feig* v. *Bank of America etc. Assn., supra* [5 Cal.2d 266 (54 P.2d 3)]; *Bracken* v. *Bracken,* 52 S.D. 252, 256 [217 N.W. 192]; *Hayworth* v. *Williams,* 102 Tex. 308 [116 S.W. 43, 132 Am.St.Rep. 879].) Even in the absence of an express agreement to that effect, the woman would be entitled to share in the property jointly accumulated, in the proportion that her funds contributed toward its acquisition. (*Hayworth* v. *Williams, supra; Delamour* v. *Roger,* 7 La.Ann. 152.)"

Appellant first contends that the proposed amended complaint is without legal sanction for the reason that, when the remittitur of the Supreme Court was lodged in the trial court, that portion of the judgment not affected by the Supreme Court's decision had reached the stage of a final judgment; and that, except for the relief afforded in the furtherance of justice, by section 473 of the Code of Civil Procedure, to file an amended pleading prior to the entry of judgment, there is no statute in California allowing this to be done after a judgment has been rendered (*Keller* v. *Keller,* 132 Cal.App. 343 [22 P.2d 798]). However, in the case just cited there was no issue at the trial concerning the issues raised by the proposed amended answer, nor was it contended that the belated application to file the amended pleading was made to conform to the evidence adduced at the trial. In the instant case, the property rights of the respective parties were an issue at the trial, and had plaintiff, when the court announced its conclusion that there was not and never had been a valid subsisting marriage between the parties, requested permission to introduce evidence that the parties had lived together as husband and wife under an agreement to pool their earnings and share equally in their joint accumulations, and then asked for permission to file an amended complaint under the doctrine

enunciated by the Supreme Court in *Vallera* v. *Vallera,* *supra,* that equity will protect the interest of each party to such an agreement in such property, there can be no doubt that the court in the exercise of its discretion could have permitted plaintiff to follow such a course. (*Burrows* v. *Burrows,* 18 Cal.App.2d 275, 278 [63 P.2d 1135] ; and *Valencia* v. *Shell Oil Co.,* 23 Cal.2d 840 [147 P.2d 558] approving holding in the first cited case). The decision of the Supreme Court reversed only that portion of the judgment dealing with the property rights of the parties and, we feel thereby left such issue open for determination by the court in the instant action. Certainly after such .reversal there was no final judgment as to the property rights of the parties although that was an issue presented by the pleadings and raised by the evidence. If there was such a judgment, it was vacated by the reversal. Such being the case, is not the court empowered, in the exercise of the discretion vested in it, to permit the filing of an appropriate pleading upon which such issue of property rights could be legally and justly determined? From its inception the cause of action with which we are here concerned was an equitable one. The property rights of the respective parties herein were an issue from the very commencement of this litigation. By reversing only that portion of the judgment that affected those property rights we are persuaded that such issue was left open for the further and correct determination thereof by the trial court. In fact, the Supreme Court, in its decision (*Vallera* v. *Vallera, supra*), explicitly states that "If a man and woman live together as husband and wife under an agreement to pool their earnings . . . equity will protect the interests of each in such property."

There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it was instituted, and finally determines the rights of the parties in relation to the matter in controversy. No judgment or decree can be regarded as final, within the meaning of the statutes governing appeals, unless all issues of law and fact necessary to be determined were determined, and the case completely disposed of, so far as the court had power to dispose of it.

Appellant, however, contends that such rights must be treated in a separate proceeding, which sets up a cause of action upon the theory enunciated by the Supreme Court and

hereinabove referred to. And it is urged by appellant that the issues tendered by the proposed amended complaint set up a new and different cause of action; that the same is clearly barred by subdivision 3 of section 338 of the Code of Civil Procedure, since the respondent's rights, if any, in the property now demanded by her accrued not later than July 17, 1940, when the parties separated and discontinued their joint business enterprise, while the amended complaint was not offered for filing until September 20, 1943. With this claim on the part of appellant, we cannot agree. It is a familiar rule that equity once having jurisdiction of the subject matter of an action will retain it to the end that a complete adjudication of all conflicting rights may be had and a final determination of all matters in controversy may be accomplished. Litigation by piecemeal is not looked upon favorably by equity, and therefore, whenever possible equity will dispose of the entire controversy between the parties, will grant complete relief, and whenever possible will settle and determine all differences between the parties in the one action, thereby, as between the same parties and upon the same subject matter, leaving nothing for further litigation (*Sonnicksen* v. *Sonnicksen,* 45 Cal.App.2d 46, 52 [113 P.2d 495]). The issue of the respective property rights of the parties remaining undetermined after decision by the Supreme Court in *Vallera* v. *Vallera, supra,* the trial court was justified in retaining jurisdiction until all of the issues in the action should be determined, and all the differences between the parties arising in such action were settled (*Union Oil Co.* v. *Reconstruction Oil Co.,* 20 Cal.App.2d 170, 183 [66 P.2d 1215]). In adopting such procedure, the court was empowered to do complete justice by settling the entire case. "Equity regards that as done which ought to have been done" (10 Cal.Jur. 505; Civ. Code, § 3529).

Reposing, as it does, in the sound discretion of the court, an order authorizing the filing of an amended pleading will not be disturbed in the absence of a clear showing of an abuse of such judicial discretion. In judging of the validity of the court's order under the circumstances present herein, consideration should also be given to the question of whether there is a showing of prejudice to the opposite party occasioned by the action of the court in permitting the filing of the amended complaint. In the case at bar, we find no showing of any such prejudice.

■ In the final analysis, the aims and objects of a trial are and should be to get at the truth. While formal requirements of pleading and practice cannot be dispensed with by the court, it can usually make such orders or grant such amendments as the case progresses as will tend to justly dispose of the issues presented upon their merits. Form is subordinated to substance in pleading and practice in civil cases. In passing upon the construction, or permitting the filing of amended pleadings, the court is justified in adopting a liberal attitude to the end that substantial justice may be attained upon the merits of a controversy. (Code Civ. Proc., § 452.)

■ Holding, as we do, that insofar as the property rights of the parties herein are concerned there was no final judgment at the time the court granted respondent's motion to file the proposed amended complaint, bearing in mind the liberal policy of the law in the matter of allowing amended pleadings to be filed, and finding no prejudice to substantial rights arising from the ruling of the trial court, we are not authorized to interfere with such ruling. The reversal of that part of the judgment affecting the respective property rights of the parties did not operate to deprive the court of the power to proceed to a final hearing of that issue, raised as it was by the pleadings in the case. Manifestly, further judicial action was essential upon such issue of property rights, to the end that a final determination might be had of all of the rights of the parties. Therefore, it cannot be said that there is a final judgment in this case as that term is known to the law, because *all* of the issues necessary to a determination of the rights of the parties have not been finally adjudicated.

For the reasons herein stated, the attempted appeal, being from a nonappealable order, must be dismissed.

It is so ordered.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied May 25, 1944, and appellants' petition for a hearing by the Supreme Court was denied June 29, 1944. Traynor, J., and Schauer, J., voted for a hearing.