[No. A038935. First Dist., Div. Two. Feb. 2, 1990.]

SHIVER, McGRANE & MARTIN, Plaintiff and Respondent, v. ROBERT L. LITTELL et al., Defendants and Appellants.

COUNSEL

William McGrane, J. Philip Martin and Shiver, McGrane & Martin for Plaintiff and Respondent.

James A. Reuben, Lawrence R. Sussman and Reuben, Quint & Valkevich for Defendants and Appellants.

OPINION

KLINE, P. J.—Appellants Robert L. and Joyce Littell appeal from a judgment holding they did not timely commence an action within the meaning of Business and Professions Code section 6204, subdivision (c) which would have precluded confirmation of an arbitration award entered against them. Appellants assert (1) the timely filing of a legal malpractice action satisfied the requirement under the Business and Professions Code that they commence "an action" to seek a trial de novo on the issues involved in the arbitration; (2) if the malpractice action did not fulfill this requirement, the court erred in denying relief pursuant to Code of Civil Procedure section 473; and (3) the arbitrator's award should be vacated due to the arbitrator's failure to review evidence concerning the alleged malpractice. We shall affirm.

### STATEMENT OF THE FACTS/CASE

Respondent Shiver, McGrane & Martin is the successor law firm to McGrane & Martin which previously acted as attorneys for appellants.

After the lawyer-client relationship ended the firm demanded payment of outstanding legal fees; appellants exercised their right to mandatory non-binding arbitration, pursuant to Business and Professions Code section 6200 et seq.

Respondent sought fees of $81,486.90; appellants claimed the services performed were worthless and sought a refund of fees already paid. On February 13, 1987, the arbitrator awarded respondent attorneys fees in the amount of $50,851.89. Notice of the award was mailed to the parties on February 25, 1987.

On March 27 Robert Littell filed a "Complaint for Damages for Legal Malpractice" against William N. McGrane, one of the attorneys in respondent's law firm. Mr. Littell alleged that due to Mr. McGrane's allegedly negligent performance of legal services he had been damaged in an unspecified sum "to be proven at trial."

On April 2, 1987, respondent filed a petition pursuant to Code of Civil Procedure section 1290 et seq. seeking confirmation of the arbitration award. Appellants argued the malpractice action constituted an action against respondent seeking a trial de novo of the arbitrator's award which, under Business and Professions Code section 6204, precluded confirmation of the award. The court rejected this argument and confirmed the award. Judgment was entered on April 20, 1987.

On May 12 appellants amended the malpractice complaint to add a cause of action for declaratory relief. On May 15, appellants filed a motion asking the court to vacate its judgment confirming the arbitration award. On June 1, 1987, the motion was denied and this timely appeal followed.

## DISCUSSION

## I.

Business and Professions Code section 6200 et seq. sets forth a statutory scheme for the arbitration of attorney's fees. Pursuant to section 6204, such arbitrations are not binding and "[e]ither party shall be entitled to a trial after arbitration" if "initiated by the commencement of an action . . . within 30 days after mailing of notice of the award." Appellants contend the filing of the legal malpractice action on the 30th day following the mailing of the award herein satisfied this requirement, and therefore precluded confirmation of the arbitration award.

According to appellants, the filing of the malpractice action was the functional equivalent of a more direct challenge to the arbitration award,

because it also questions the legitimacy of the fees earned by the attorney's allegedly negligent performance of legal services. (See, e.g., *Kane, Kane & Kritzer, Inc.* v. *Altagen* (1980) 107 Cal.App.3d 36 [165 Cal.Rptr. 534] [attorney's entitlement to fees implicated in malpractice action]; *Juodakis* v. *Wolfrum* (1986) 177 Cal.App.3d 587 [223 Cal.Rptr. 95] [quality of attorney's services—and thus his entitlement to fees—was involved in both malpractice action and fee dispute arbitration].)

Conceding that the malpractice action raised an issue concerning the legal fees charged, we nonetheless conclude that the malpractice complaint did not satisfy the requirements of Business and Professions Code section 6204, subdivision (c). While the arbitration was between respondent law firm and both appellants, the malpractice action was instituted by Mr. Littell alone against William N. McGrane, one of the attorneys in respondent firm. Moreover, the arbitration is not mentioned in the complaint and there is no indication that the fees challenged in the malpractice action are the same fees awarded to respondent by the arbitrator. Finally, and most importantly, the filing of the malpractice action would not necessarily inform respondent that appellants intended to challenge the arbitration award. It would not be inconsistent for appellants to let the arbitration award stand and seek compensation for malpractice, as an indirect method of recovering the fees paid pursuant to the arbitration award. A malpractice action, in which appellants were more clearly on the offensive, might be seen as a better vehicle through which to press their claims than a more "defensive" action challenging the arbitration award to respondent.

We also find unconvincing appellants' contention that we should excuse the fact that the malpractice action does not technically comply with the statute because the complaint, which served as a notice of appeal from the arbitration, should, like other notices of appeal, "be liberally construed in favor of sufficiency." (Cal. Rules of Court, rule 1(a).) Appellants fail to note that the rules of court also require that the "judgment or order, or part thereof, should be 'specified' . . . i.e., described in such a manner as to make its identification reasonably certain." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 372, p. 374; see, Cal. Rules of Court, rules 1(a), 121(a).) In this case, the malpractice complaint—the purported "notice of appeal"—made no reference to the outstanding arbitration award and designated Mr. McGrane, rather than respondent law firm, as the sole defendant. We therefore conclude that the malpractice complaint was insufficient to identify the arbitration award as the judgment appealed from.

Despite the rule favoring liberal interpretation of notices of appeal, a notice of appeal will not be considered adequate if it completely omits any reference to the judgment being appealed. For example, in *Glassco* v. *El*

*Sereno Country Club, Inc.* (1932) 217 Cal. 90, 91 [17 P.2d 703], the plaintiffs appealed from "so much of the judgment herein as denies relief to the plaintiffs against the [ ] defendant," and did not mention the portion of the judgment which denied plaintiffs a lien. The court determined the notice was not merely a "misdescription" of the judgment; it held the notice insufficient as to any issues relating to the denial of the lien. (Accord, *Estate of McManus* (1963) 214 Cal.App.2d 390, 394 [29 Cal.Rptr. 543] [court refused to consider arguments which related to a portion of the judgment not specified in the notice of appeal]; *Eskaton Monterey Hospital* v. *Myers* (1982) 134 Cal.App.3d 788 [184 Cal.Rptr. 840] [same].) As the cases demonstrate, a notice of appeal which specifies a portion of a judgment may not be stretched beyond its logical limits to include other parts of the judgment. Similarly, in this case we cannot legitimately construe the malpractice action—which did not refer to the arbitration award—as a valid notice of appeal with respect to that award.

## II.

 Appellants alternatively argue that even if the original complaint did not satisfy the requirements of Business and Professions Code section 6204, subdivision (c), the amended complaint, which sought declaratory relief regarding their right to a trial de novo, satisfied the statutory requirements and should be allowed to relate back to the date of the filing of the original complaint.[1]

Appellants cite *Nelson* v. *Nevel* (1984) 154 Cal.App.3d 132, 142 [201 Cal.Rptr. 93] for the undisputed proposition that "an amended complaint relates back to the date of the filing of the original complaint and thus avoids the bar of the statute of limitations so long as recovery in both pleadings is based upon the same general set of facts. [Citations.]" Appellants further point out that in *Beltram* v. *Appellate Department* (1977) 66 Cal.App.3d 711 [136 Cal.Rptr. 211] the court allowed an amended notice of appeal to "relate back" to the time the original notice was filed. The court reasoned that "[t]he question is somewhat analogous to the rule that permits an amendment to a complaint after the statute of limitations has run to relate back to the original complaint, even though the cause of action may be changed, or even entirely new parties added, provided that the original and amended complaint both relate to the same factual nexus." (66 Cal.App.3d at p. 715, citations omitted.) Appellants assert the relation back doctrine should be applied here because the malpractice action and the arbitration involved the same general set of facts involving damages for

---

[1] On January 15, 1988, the amended complaint was made a part of the record on appeal pursuant to appellants' motion to augment.

professional negligence and the question of whether fees should be paid at all for the allegedly negligent services. We disagree.

Appellants' argument overlooks a crucial distinction between the instant case and cases such as *Nevel* and *Beltram,* which permitted an amended complaint or notice of appeal to relate back to the filing of the original. In those cases the litigants protected their right to an adjudication by filing a document legally sufficient to initiate the litigation within the statutory deadline. Once the litigants had thus preserved their right to an adjudication, the relation back doctrine allowed them to amend the complaint to add additional causes of action arising from the same general set of facts. In comparison, while appellants' malpractice action was timely filed, it was legally inadequate as a request for a trial de novo under Business and Professions Code section 6204, subdivision (c). Having failed to preserve their rights within the statutory deadline, the appellants cannot belatedly correct that error by urging that the amended complaint should relate back to the original filing.

## III.

■ Appellants lastly contend the court erred in refusing to grant them relief under Code of Civil Procedure section 473. At the time appellants sought relief under that statute it provided, in pertinent part, that a court "may, upon such terms as may be just, relieve a party, or his or her legal representative from a judgment, order or other proceeding taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect."[2] Appellants argued below and now assert on appeal that because the malpractice complaint was filed in the mistaken belief that that action would satisfy the requirements of Business and Professions Code section 6204, subdivision (c) they were entitled to relief from the judgment confirming the arbitration award.

As support for their claim appellants cite *Simpson* v. *Williams* (1987) 192 Cal.App.3d 285 [238 Cal.Rptr. 566]. In that case, Simpson prevailed against her former attorney following an arbitration concerning his retention of a $5,000 retainer. On the 31st day following mailing of notice of the award, attorney Williams filed an action for declaratory relief under Business and Professions section 6204, subdivision (c). When Simpson sought confirmation of the award, Williams argued his complaint was timely because Code of Civil Procedure section 1013[3] extended the time for filing by

---

[2] Code of Civil Procedure section 473 has since been amended to provide that such relief is mandatory whenever the errant attorney attests that the default resulted from his mistake, inadvertence or neglect. (Code Civ. Proc., § 473, amended Stats. 1988, ch. 1131, § 1.)

[3] Code of Civil Procedure section 1013, subdivision (a) provides as follows: "In case of service by mail, . . . [t]he service is complete at the time of the deposit, but any prescribed peri-

five days. The trial court disagreed, and confirmed the award. On appeal the court determined section 1013 did not extend the time for filing an action under Business and Professions Code section 6204, subdivision (c), but concluded Williams was entitled to relief under Code of Civil Procedure section 473 because his late filing was based on his misunderstanding of the five-day extension provided by Code of Civil Procedure section 1013, subdivision (a). (See also, *Fox Industrial Realty* v. *Dio Dix, Inc.* (1982) 136 Cal.App.3d 787, 792 [186 Cal.Rptr. 449] [relief available under Code Civ. Proc., § 473 following confirmation of judicial arbitration award].)

Respondent points out that only five years before *Simpson* our Supreme Court reached a contrary result in connection with the belated appeal from an arbitration under the Labor Code. In *Pressler* v. *Donald L. Bren Co.* (1982) 32 Cal.3d 831 [187 Cal.Rptr. 449, 654 P.2d 219], Pressler, a real estate salesman, filed an action with the Labor Commissioner to recover the unpaid portion of commissions owed to him. Following an administrative hearing the Labor Commissioner awarded Pressler his full commissions, and a copy of the decision was mailed to the parties. Although Labor Code section 98.2, subdivision (a) provided that a party seeking a de novo review of such an award must file a notice of appeal within 10 days following service of notice of the award, defendant Bren did not file the notice until 13 days after that date.

Pressler moved to dismiss the appeal, claiming the superior court did not have jurisdiction to hear the case because the notice of appeal was not timely filed; Bren opposed the motion and argued that under Code of Civil Procedure section 473 the court could allow the late notice of appeal.[4] The court rejected this claim and granted the motion to dismiss.

Affirming this order, the Supreme Court held that because the time for taking an appeal from a decision of the Labor Commissioner is "mandatory and jurisdictional," a court cannot consider an appeal taken after the expiration of the statutory period because of mistake, inadvertence or other excuse. In reaching this conclusion, the court first noted that Bren was not entitled to relief under Code of Civil Procedure section 473 because a party's own default in failing to timely file a notice of appeal is not "a 'proceeding taken against' [the party] within the meaning of section 473."

---

od of notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of such document served by mail shall be extended five days if the place of address is within the State of California."

[4] Bren asserted that the notice of appeal was filed late due to a clerical error. It claimed the notice was prepared on August 18 and was timely sent to Pressler and the Labor Commissioner; however, the original, along with the necessary filing fee, mistakenly was not mailed to the court until August 26, and thus was not filed on time.

(32 Cal.3d at p. 834, fn. 5.) Further, the court stated that generally the timely filing of an appropriate notice of appeal or its legal equivalent " 'is an absolute prerequisite to the exercise of appellate jurisdiction.' " (*Id.*, at p. 835, quoting *Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 670 [125 Cal.Rptr. 757, 542 P.2d 1349]), and concluded that the procedure set forth in the Labor Code "clearly demonstrates the mandatory and jurisdictional nature of the requirement that a party notice his or her appeal within 10 days." (*Id.*, p. 836.) Finally, the court observed that granting relief under Code of Civil Procedure section 473 would undercut the legislative purpose—and public policy—of assuring the expeditious collection of wages which are due but unpaid. (32 Cal.3d at p. 837.)

We are sympathetic to appellants' assertion that their attorney's mistake should be excused because neither the statute nor the relevant cases specified the type of "action" required to request a trial de novo under Business and Professions section 6204, subdivision (c). However, we are bound to follow the controlling decision in *Pressler,* which precludes us from using Code of Civil Procedure section 473 to extend the time for taking an appeal from an arbitrator's award. While *Simpson*'s conclusion supports appellants' position we cannot follow an appellate opinion which is supported by little analysis and fails to distinguish or otherwise account for a conflicting Supreme Court opinion on the same issue. We thus conclude the trial court correctly determined appellants were not entitled to relief under Code of Civil Procedure section 473.

### DISPOSITION

The judgment is affirmed.[5]

Smith, J., and Benson, J., concurred.

---

[5] Appellants also claim that, under Code of Civil Procedure section 1286.2, subdivision (e), we should vacate the arbitration award because the arbitrator refused to "consider evidence material to the controversy." As appellants note, in order to vacate an award under that provision the complaining party must file a petition to have the award vacated within 100 days from the date of service of the arbitrator's award. Appellants claim they failed to filed a timely petition because they believed the malpractice action would serve that function. However, before the expiration of the 100-day period the court concluded the malpractice action was insufficient as a request for a trial de novo; at that point appellants should have realized it likely would not be adequate as a petition to vacate. We are unwilling to correct appellants' failure to timely file a petition to vacate by considering the merits of their claim under Code of Civil Procedure section 1286.2, subdivision (e).