Filed 2/3/23  Estate of Magdaleno CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| Estate of JOANNE MARIE MAGDALENO, Deceased. | C094372 |
| ANDREA WOOD, as Administrator, etc., | (Super. Ct. No. 30146) |
| Petitioner and Appellant, | |
| v. | |
| JAMES HANDELIN, | |
| Objector and Respondent. | |

Five days before her death in 2015, Joanne Magdaleno transferred title to certain real property (the property) from herself to her ex-husband James Handelin and herself as joint tenants.  In 2020, Magdaleno's daughter Andrea Wood, in her capacity as administrator of the estate, filed a petition under Probate Code section 850 for an order declaring the property an asset of the estate and for damages against Handelin, asserting among other things that Magdaleno had lacked the mental capacity to sign the deed and that Handelin had engaged in fraud and undue influence.  The probate court ultimately

1

sustained Handelin's demurrer to a first amended petition without leave to amend, concluding that Wood's claims were time-barred.

Wood filed a motion for relief under Code of Civil Procedure section 473, subdivision (b) and submitted a proposed second amended petition. The probate court denied Wood's motion for relief.

Wood appeals from both the order of dismissal following an order sustaining the demurrer without leave to amend, and also the order denying her motion for relief under Code of Civil Procedure section 473. She contends the probate court abused its discretion in sustaining the demurrer without leave to amend, and it should have granted her subsequent motion for relief.

Because an order in a probate proceeding denying relief under Code of Civil Procedure section 473 is not appealable, we will dismiss the appeal from that order. As for Wood's appeal from the order of dismissal following the order sustaining the demurrer without leave to amend, we conclude the trial court should have allowed her another opportunity to amend the petition. We will reverse the order of dismissal and direct the probate court to grant Wood leave to amend.

BACKGROUND

Magdaleno died on April 18, 2015. In 2017, Handelin executed an affidavit of death of joint tenant in relation to a grant deed for the property that had been executed five days before Magdaleno's death. The affidavit was recorded in Shasta County on February 28, 2017.

In 2019, Wood filed a petition for letters of administration for Magdaleno's estate. The probate court appointed Wood administrator. Wood then filed a petition under Probate Code section 850 for an order declaring the property an asset of the estate and for damages against Handelin. Probate Code section 850 provides a mechanism for a probate court to determine rights in property claimed to belong to a decedent. (*Estate of*

2

*Young* (2008) 160 Cal.App.4th 62, 75.) The petition was deemed filed on March 23, 2020.

After the probate court sustained Handelin's demurrer to the petition with leave to amend, Wood filed a first amended petition alleging causes of action for cancellation of deed and fraud. The first amended petition alleged the following: Magdaleno divorced Handelin in 2014. Handelin signed a quitclaim deed as to the property the same year. In 2015, Magdaleno was hospitalized for three weeks with pneumonia. She was under heavy medication. Five days before she died, on April 13, 2015, she signed a deed granting to Handelin and herself title to the property as joint tenants. Magdaleno did not have mental capacity to understand what she was doing when she signed the deed. Handelin had the deed prepared, and he unduly influenced Magdaleno to sign it. He made false representations to Magdaleno to induce her to sign the deed. Magdaleno's signature on the deed was partial and the name on the deed was not the name restored to her upon her divorce. Wood did not discover the existence of the deed until after March 31, 2017.

Handelin demurred to the first amended petition, arguing the causes of action were time-barred. The probate court sustained the demurrer without leave to amend.

Wood filed a motion for relief pursuant to Code of Civil Procedure section 473, subdivision (b) [mistake, inadvertence, surprise, or excusable neglect]. She submitted a proposed second amended petition alleging causes of action for a constructive trust and a resulting trust. The proposed second amended petition continued to allege that Handelin unduly influenced Magdaleno to sign the deed but removed the allegations regarding fraud. The proposed second amended petition additionally alleged the following: Handelin continued to allow Magdaleno's heirs to live at the property as if there had been no change in ownership after Magdaleno's death. He did not record an affidavit of death of joint tenant until February 28, 2017. The first cause of action sought to impose a constructive trust upon Handelin as trustee of the property for the benefit of Magdaleno's

3

estate. The second cause of action alleged that at the time the deed was signed, Magdaleno and Handelin agreed that if Magdaleno died, Handelin would hold the property for the benefit of Magdaleno's heirs. The proposed second amended petition requested an order determining that Handelin held the property as trustee of a constructive trust for the benefit of the estate and for damages. The probate court denied Wood's motion for relief.

DISCUSSION

I

We begin with Wood's appeal from the probate court's order denying her motion for relief under Code of Civil Procedure section 473. We asked the parties for supplemental briefing on whether such a denial order is appealable, and we have considered the supplemental briefs. Applicable authority confirms that an order denying relief under Code of Civil Procedure section 473 in a probate proceeding is not appealable. (*In re Estate of O'Dea* (1940) 15 Cal.2d 637, 638; *In re Estate of Spafford* (1917) 175 Cal. 52, 52-53; *Estate of Doescher* (1963) 217 Cal.App.2d 104, 105-106; see also *Kalenian v. Insen* (2014) 225 Cal.App.4th 569, 575-575.)

Wood nevertheless asserted in her supplemental brief that her appeal from the order denying her motion for relief is appealable because it adjudicated the merits of her claims. (Prob. Code, § 1300, subd. (k).) We disagree. The order denying Wood's motion merely determined whether the prior order should be set aside due to alleged mistake. It did not adjudicate the merits of Wood's Probate Code section 850 petition.

We will dismiss the appeal from the probate court's order denying Wood's motion for relief under Code of Civil Procedure section 473, and we need not consider Handelin's additional arguments for dismissal.

II

As for Wood's appeal from the order of dismissal following the order sustaining the demurrer without leave to amend, she contends the probate court abused its discretion

4

in not giving her a further opportunity to amend. Before turning to that issue, we address a threshold jurisdictional matter asserted by Handelin.

A

Handelin argues Wood's appeal was untimely. But he incorrectly calculates the time for appeal from the entry of the order sustaining the demurrer. An order sustaining a demurrer without leave to amend is not an appealable order. (*I. J. Weinrot & Son, Inc. v. Jackson* (1985) 40 Cal.3d 327, 331.) Such an order may be reviewed only upon an appeal of the judgment or order of dismissal entered thereon. (*Ibid.*; *Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1032, fn. 1; see *Estate of Dito* (2011) 198 Cal.App.4th 791, 799, fn. 5.) The order sustaining Handelin's demurrer made no reference to a dismissal. (Cf. *Hudis v. Crawford* (2005) 125 Cal.App.4th 1586, 1590, fn. 4 [construing an order sustaining demurrer without leave to amend as an appealable order because the order also stated, " 'the case is dismissed' "].) Thus, it did not trigger the period for filing an appeal. (*Orange Unified School Dist. v. Rancho Santiago Community College Dist.* (1997) 54 Cal.App.4th 750, 756.)

The probate court did not dismiss the case until February 8, 2021. Because Wood filed her notice of appeal on July 1, 2021, within 180 days after entry of the dismissal order, her appeal was timely. (Cal. Rules of Court, rule 8.104(a)(1).)

B

Wood asserts she could have further amended her Probate Code section 850 petition to state causes of action for a constructive trust and a resulting trust, which were not time-barred.

We review a trial court's decision to deny leave to amend for abuse of discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) " 'Generally[,] it is an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect can be cured by amendment.' " (*Goodman v. Kennedy* (1976) 18 Cal.3d 335,

5

349.) "It is the plaintiff's burden on appeal to show in what manner it would be possible to amend a complaint to change the legal effect of the pleading. . . ." (*Fuller v. First Franklin Financial Corp.* (2013) 216 Cal.App.4th 955, 962.) "[A] plaintiff may propose new facts or theories to show the complaint can be amended to state a cause of action, thereby showing the trial court 'abused its discretion' (§ 472c, subd. (a)) in not granting leave to amend." (*Connerly v. State of California* (2014) 229 Cal.App.4th 457, 460, fn. omitted.)

The cause of action for a constructive trust in the proposed second amended petition alleges that Handelin exerted undue influence upon Magdaleno to get her to sign the April 13, 2015 deed. Wood seeks to impose a constructive trust upon the property for the benefit of Magdaleno's estate.

A constructive trust is an equitable remedy to compel restoration of property by one who is not justly entitled to it. (*Day v. Greene* (1963) 59 Cal.2d 404, 411 (*Day*); *Allen v. Meyers* (1936) 5 Cal.2d 311, 313-314; *Meister v. Mensinger* (2014) 230 Cal.App.4th 381, 396, 399.) The general principles for the imposition of a constructive trust are set forth in Civil Code sections 2223 and 2224. (*Higgins v. Higgins* (2017) 11 Cal.App.5th 648, 659-660 (*Higgins*).) Civil Code section 2223 provides: "One who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner." Civil Code section 2224 provides, "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." A fiduciary relationship is not necessary for the imposition of a constructive trust. (*Nelson v. Nevel* (1984) 154 Cal.App.3d 132, 139 (*Nelson*); *Martin v. Kehl* (1983) 145 Cal.App.3d 228, 237-238 (*Martin*).) Likewise, fraud is not a requirement for a constructive trust; "[a]ll that must be shown is that the acquisition of the property was wrongful and that the

6

keeping of the property by the defendant would constitute unjust enrichment." (*Calistoga Civic Club v. City of Calistoga* (1983) 143 Cal.App.3d 111, 116.)

An action to establish a constructive trust is subject to the limitations period of the underlying substantive right. (*Davies v. Krasna* (1975) 14 Cal.3d 502, 515-516; *Higgins, supra,* 11 Cal.App.5th at p. 659.) The statute of limitations depends on the object of the suit, which we determine from the allegations of the complaint and the relief sought. (*Day, supra,* 59 Cal.2d at p. 411; *Murphy v. Crowley* (1903) 140 Cal. 141, 144 (*Murphy*).) If the gravamen of an action to impress a constructive trust is fraud, courts apply the three-year statute of limitations relating to relief on the ground of fraud in Code of Civil Procedure section 338. (*Day,* at p. 411; *Unkel v. Robinson* (1912) 163 Cal. 648, 649-652; *Estate of Young, supra,* 160 Cal.App.4th at pp. 77-79; *Nevarez v. Nevarez* (1962) 202 Cal.App.2d 596, 602-603; but see *Trubody v. Trubody* (1902) 137 Cal. 172, 173-174 [applying Code of Civil Procedure section 343 to an action to set aside deeds on the ground of fraud and undue influence].) If the action is based strictly in equity and no fraud is alleged, courts have applied the four-year limitation period in Code of Civil Procedure section 343. (*Nelson, supra*, 154 Cal.App.3d at pp. 139-140; *Stewart v. Indian Creek Lumber* Co. (1961) 192 Cal.App.2d 93, 97.) But in actions to impose a constructive trust where the plaintiff seeks to compel the defendant to convey title or possession to real property to the plaintiff, the Supreme Court has applied the five-year limitation period in Code of Civil Procedure section 318, which governs actions for the recovery of real property, and has rejected the contention that Code of Civil Procedure sections 338 or 343 apply. (*Cohn v. Goodday* (1923) 191 Cal. 615, 625-626; see *Murphy, supra*, 140 Cal. at p. 147; accord *Adams v. Young* (1967) 255 Cal.App.2d 145, 160; *Hillyer v. Hynes* (1917) 33 Cal.App. 506, 510.)

Here, the object of the proposed cause of action for a constructive trust is to return the property to Magdaleno's estate. Code of Civil Procedure section 318 provides: "No action for the recovery of real property, or for the recovery of the possession thereof, can

7

be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question, within five years before the commencement of the action." Code of Civil Procedure section 319 provides, in pertinent part: "No cause of action . . . arising out of the title to real property . . . can be effectual, unless it appear that the person prosecuting the action . . . or the ancestor, predecessor, or grantor of such person was seized or possessed of the premises in question within five years before the commencement of the act in respect to which such action is prosecuted. . . ." Under the allegations of the proposed second amended petition, Magdaleno was seized of the property around the time of her death. (*Tobin v. Stevens* (1988) 204 Cal.App.3d 945, 949.) The original petition -- which rested on the same operative facts, sought recovery for the same injuries, and referred to the same incident as alleged in the proposed cause of action for constructive trust -- was deemed filed on March 23, 2020, within five years of Magdaleno holding title to the property. (See generally *Barrington v. A. H. Robins Co.* (1985) 39 Cal.3d 146, 150-151 [describing the relation back doctrine].) Under the foregoing authorities, Wood could have asserted a timely cause of action for constructive trust.

Wood cites Probate Code section 16460 and *Higgins, supra*, 11 Cal.App.5th 648, for the proposition that she had three years after discovery of the claim to appeal. But the duty to provide an account that triggers the limitations period and discovery rule in Probate Code section 16460, subdivision (a) does not apply to constructive and resulting trusts. (Prob. Code, § 15003, subd. (a).) And the discussion in *Higgins* that Wood relies on relates to express trusts, not constructive or resulting trusts. (*Higgins,* at p. 663; see generally 60 Cal.Jur.3d (August 2022 Update) Trusts, § 3 [distinguishing express and implied trusts, such as constructive and resulting trusts].)

The second cause of action in the proposed second amended petition is for a resulting trust. Like a constructive trust, a resulting trust is a trust implied by law. (*Martin, supra*, 145 Cal.App.3d at p. 238.) Whereas a constructive trust is a " 'fraud-

8

rectifying' trust," a resulting trust is an " 'intention-enforcing' trust." (*Ibid.*)  It " 'arises by operation of law from a transfer of property under circumstances showing that the transferee was not intended to take the beneficial interest. [Citations.]  Such a resulting trust carries out and enforces the inferred intent of the parties. [Citations.]' . . . [T]he relationship between resulting trustee and beneficiary arises where one, in good faith, acquires title to property belonging to another.  The law implies an obligation on the part of the one in whom title has vested to hold the property for the owner's benefit and eventually convey it to the owner.  The trustee has no duties to perform, no trust to administer, and no purpose to pursue except the single purpose of holding or conveying the property according to the beneficiary's demands." (*Estate of Yool* (2007) 151 Cal.App.4th 867, 874, italics omitted.)

The proposed cause of action for a resulting trust is based on an alleged agreement between Handelin and Magdaleno that if Magdaleno died Handelin would hold the property for the benefit of Magdaleno's heirs.  The applicable limitations period for an action to establish a resulting trust is four years.  (Code Civ. Proc., § 343; *Estate of Yool, supra*, 151 Cal.App.4th at pp. 874-875; *McCosker v. McCosker* (1954) 122 Cal.App.2d 498, 501.)  The limitations period begins to run when the trustee repudiates the trust, i.e., refuses to account or convey, and the beneficiary has knowledge of the repudiation. (*Berniker v. Berniker* (1947) 30 Cal.2d 439, 447-448; *Estate of Yool,* at pp. 874-875; *Martin, supra*, 145 Cal.App.3d at pp. 240-241; *McCosker,* at p. 501; *Von Zastrow v. Schiffbauer* (1952) 114 Cal.App.2d 500, 502.)  The proposed second amended petition does not allege when the cause of action for a resulting trust accrued.  However, the constructive trust cause of action alleges that Handelin indicated he owned the property individually when he recorded an affidavit of death of joint tenant on February 28, 2017. Had she been granted leave to amend, Wood would have filed her cause of action for a resulting trust within four years of the recording of the affidavit of death.

Because Wood could have further amended her petition to state causes of action that were not barred by statutes of limitation, the trial court should have allowed her the opportunity to amend.

## DISPOSITION

The appeal from the order denying Wood's motion for relief under Code of Civil Procedure section 473 is dismissed. As to the appeal from the order of dismissal following the order sustaining the demurrer without leave to amend, the order of dismissal is reversed, and the trial court is directed to grant Wood leave to amend her petition. The parties shall pay their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(4), (5).)


/S/
MAURO, Acting P. J.


We concur:


/S/
KRAUSE, J.


/S/
BOULWARE EURIE, J.

10