Filed 6/16/14  Thompson v. OneWest Bank CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DEBBIE ALICE THOMPSON, Plaintiff and Appellant, v. ONEWEST BANK, FSB et al., Defendants and Respondents. | H038932 (Santa Clara County Super. Ct. No. 110CV186753) |

## I.  INTRODUCTION

Plaintiff Debbie Alice Thompson, a self-represented litigant, filed an action against defendants OneWest Bank, FSB (OneWest Bank)[1]; Bank of America; NDeX West, LLC (NDeX West); and Mortgage Electronic Registration Systems, Inc. (MERS) alleging that defendants did not have the authority to foreclose on her property after she stopped making payments on a loan.  The trial court sustained defendants' demurrer to the second amended complaint without leave to amend and entered judgments of dismissal.  Thompson subsequently moved to vacate the judgment.  The court denied the motion and Thompson appeals.

---

[1] OneWest Bank contends it was also erroneously sued in the name of its division IndyMac Mortgage Services, which was erroneously named as IndyMac Mortgage Servicing in Thompson's pleadings.

On appeal, we understand Thompson to contend that the trial court should not have denied her motion to vacate the judgment, and that the court should not have sustained the demurrer to the second amended complaint without leave to amend. For the reasons stated below, we conclude that Thompson fails to show reversible error with respect to the trial court's denial of her motion to vacate the judgment and therefore we will affirm the court's order denying her motion. We also determine that her notice of appeal is untimely to the extent it may be construed as an appeal from the judgments of dismissal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Complaint*

In 2010, Thompson filed a verified complaint alleging that she purchased property in Los Gatos in mid-2006. She subsequently refinanced with a $746,000 loan secured by a deed of trust on the property. The loan had an adjustable interest rate, and Thompson was ultimately "unable to continue with the escalating payments." She stopped making payments in August 2009. A notice of default was recorded in late 2009, and a notice of trustee's sale was recorded in 2010. In the complaint, which was filed before a foreclosure sale took place, Thompson alleged causes of action for violation of the unfair competition law (Bus. & Prof. Code, § 17200 et seq.), quiet title, declaratory relief, and injunctive relief. Among other things, Thompson alleged that defendants did "not have authority" to initiate the nonjudicial foreclosure process or to foreclose upon the property.

### B. *First Amended Complaint*

In May 2011, in response to a demurrer by defendants, Thompson filed a first amended complaint that contained a cause of action for "deception." Defendants demurred to the amended pleading. The trial court sustained the demurrer for failure to allege sufficient facts and for uncertainty, with leave to amend.

2

**C.** *Second Amended Complaint*

In October 2011, Thompson filed a verified second amended complaint against defendants alleging nine causes of action, including statutory and tort claims. Thompson sought, among other things, a declaration that defendants had "no right, title or interest in the subject property and no power to foreclose," and to have the foreclosure, which allegedly took place on July 5, 2011, determined "Null and Void."

Defendants OneWest Bank, Bank of America, and MERS demurred to the second amended complaint, and defendant NDex West filed a joinder to the demurrer. Thompson filed written opposition. The trial court sustained defendants' demurrer to the second amended complaint on the ground of uncertainty without leave to amend.

**D.** *Judgments of Dismissal in Favor of Defendants*

Judgments of dismissal were subsequently filed in favor of defendants. On May 8, 2012, Thompson was served with a notice of entry of judgment in favor of defendant NDeX West. On May 10, 2012, Thompson was served with a notice of entry of judgment in favor of defendants OneWest Bank, Bank of America, and MERS.

**E.** *Motion to Vacate Judgment*

On June 11, 2012, Thompson filed a "motion to vacate void judgment – absence of jurisdiction in personam and/or in rem." In July 2012, she filed additional documents in support of the motion. Defendants OneWest Bank, Bank of America, and MERS filed opposition to the motion. After a hearing on the motion, the trial court denied Thompson's motion to vacate the judgment by written order filed on August 28, 2012. The court determined that the "motion fail[ed] to establish a valid legal basis for the requested relief."

On August 29, 2012, defendants OneWest Bank, Bank of America, and MERS served Thompson with a notice of entry of order denying the motion to vacate the judgment.

**F.** *Notice of Appeal*

On October 24, 2012, Thompson filed a notice of appeal. In the notice, Thompson indicated that she was appealing from the order denying her "Motion to Vacate Judgment" that was entered on "August 29, 2012."

## III. DISCUSSION

We understand Thompson to contend that the trial court should have granted her motion to vacate the judgment. We also understand Thompson to contend that the trial court erred in sustaining defendants' demurrer to her second amended complaint without leave to amend. Thompson requests that this court "reverse the trial court's order regarding Defendants' Demurrer to Plaintiff's Second Amended Complaint in its entirety reviving her action, granting leave to amend, or, remove the 'with prejudice' dismissal allowing her to file a new suit for wrongful foreclosure . . . ."

Defendants OneWest Bank, Bank of America, and MERS respond that Thompson's notice of appeal pertains to the order denying her motion to vacate judgment but that order is not an appealable order. They further contend that the notice of appeal is untimely with respect to the judgment of dismissal that was entered after the court sustained the demurrer to the second amended complaint without leave to amend. According to these defendants, Thompson's motion to vacate the judgment did not extend the time to appeal because it was not a "valid" motion to vacate the judgment under California Rules of Court, rule 8.108(c).[2] Lastly, these defendants argue that the trial court did not err in sustaining the demurrer to the second amended complaint without leave to amend. Defendant NDeX West joins in these arguments and raises additional arguments as to why the demurrer was properly sustained without leave to amend.

---

[2] All further rule references are to the California Rules of Court.

In her reply brief, we understand Thompson to contend that her motion to vacate the judgment was based on Code of Civil Procedure section 473, subdivision (d),[3] and that this subdivision "allows a trial court to set aside a void judgment without mentioning a time limit."

**A.** *Appeal from the Order Denying the Motion to Vacate the Judgment*

Thompson indicates in her notice of appeal that she is appealing from the order denying her "Motion to Vacate Judgment" that was entered on "August 29, 2012."

Defendants raise the issue of the appealability of this order. We will begin our analysis by addressing that threshold issue.

"The existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal. [Citation.] Accordingly, if the order or judgment is not appealable, the appeal must be dismissed. [Citation.]" (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302.) " ' "While a denial of a motion to set aside a previous judgment is generally not an appealable order, in cases where the law makes express provision for a motion to vacate such as under Code of Civil Procedure section 473, an order denying such a motion is regarded as a special order made after final judgment and is appealable under Code of Civil Procedure section 904.1, subdivision [(a)(2)]." ' [Citation.]" (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1008.) Section 473, subdivision (d) provides in part that a court "may, on motion of either party after notice to the other party, set aside any void judgment or order."

In this case, Thompson did not cite section 473 in her motion to vacate the judgment. We understand Thompson to be asserting for the first time in her reply brief on appeal that her motion to vacate the judgment is based on section 473, subdivision (d).

---

[3] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

Assuming that Thompson's motion to vacate the judgment may be construed as being based on that subdivision, and that therefore the order denying the motion is appealable, Thompson fails to show that the trial court erred in denying the motion. Rather, Thompson's opening brief on appeal primarily addresses the trial court's order sustaining defendants' demurrer to the second amended complaint without leave to amend and the court's subsequent judgments of dismissal.

A trial court's order is presumed correct and on appeal, error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant therefore has the burden of raising claims of "reversible error or other defect" and to " 'present argument and authority on each point made'[citations]." (*In re Sade C.* (1996) 13 Cal.4th 952, 994 (*Sade C.*).) Where the appellant fails to do so, "he [or she] may, in the court's discretion, be deemed to have abandoned his [or her] appeal. [Citation.]" (*Ibid.*)

Thompson is not exempt from compliance with the rule that an appellant must affirmatively show reversible error because she is representing herself on appeal. "Under the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation]." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) Thus, a self-represented litigant is not entitled to lenient treatment. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

In her opening brief on appeal, Thompson contends in a heading that the trial court should have granted her motion to vacate the judgment. She does not fully develop the contention in her brief and she does not support the contention with relevant legal authority. (See *Sade C.*, *supra*, 13 Cal.4th at p. 994 [an appellant must present argument and authority on each point].) In her reply brief, we understand Thompson to argue that the motion to vacate the judgment should have been granted because, "[i]f in fact Defendant lacked standing to foreclose, then [the court] lacked fundamental authority over the Defendant as it was not a party in interest of the subject property, making the

6

judgment void." Thompson does not cite relevant legal authority to support this contention that the court lacked fundamental authority over any of the defendants. (See *Sade C.*, at p. 994.) We therefore determine that Thompson has not met her burden to affirmatively show reversible error with respect to the trial court's denial of her motion to vacate the judgment. (See *ibid.*)

We understand Thompson to argue for the first time in her reply brief that the judgment should have been vacated because defendants obtained the judgment by fraud. However, "[p]oints raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before." (*Campos v. Anderson* (1997) 57 Cal.App.4th 784, 794, fn. 3 (*Campos*).) "The California Supreme Court long ago expressed its hostility to the practice of raising new issues in an appellate reply brief." (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.) " 'Obvious reasons of fairness militate against consideration of an issue raised initially in the reply brief of an appellant.' [Citation.]" (*Ibid.*) Here, Thompson has not offered a reason for failing to raise the issue of the judgment being obtained by fraud in her opening brief on appeal. Accordingly, we will not consider this untimely issue. (*Campos*, *supra*, at p. 794, fn. 3.)

**B.** *Appeal from the Judgments*

As we have explained, Thompson's notice of appeal pertains to the order denying her motion to vacate the judgment, but her opening brief on appeal primarily addresses the trial court's order sustaining defendants' demurrer to the second amended complaint without leave to amend and the court's subsequent judgments of dismissal. Defendants contend that Thompson's notice of appeal is untimely as to the judgments of dismissal.

Assuming that Thompson's notice of appeal may be construed as encompassing the judgments of dismissal (but see *Shiver, McGrane & Martin v. Littell* (1990) 217 Cal.App.3d 1041, 1045 [despite the rule favoring liberal construction, "a notice of appeal will not be considered adequate if it completely omits any reference to the judgment

being appealed"]), we determine that the notice of appeal is untimely as to those judgments.

"[T]he filing of a timely notice of appeal is a jurisdictional prerequisite. 'Unless the notice is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal.' [Citations.] The purpose of this requirement is to promote the finality of judgments by forcing the losing party to take an appeal expeditiously or not at all. [Citation.]" (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113 (*Silverbrand*).)

The appropriate filing period for a notice of appeal is determined under the California Rules of Court. Rule 8.104(a)(1) provides the general rule for filing a timely notice of appeal: "a notice of appeal must be filed on or before *the earliest of*: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." (Italics added.) These time limits are not extended when service is by mail. (§ 1013, subd. (a); *Poster v. Southern Cal. Rapid Transit Dist*. (1990) 52 Cal.3d 266, 274.)

The time to file a notice of appeal may be extended where, as here, a motion to vacate the judgment was filed. Rule 8.108(c) provides, "If, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move–or a valid motion–to vacate the judgment, the time to appeal from the judgment is extended for all parties until *the earliest of*: [¶] (1) 30 days after the superior court clerk or a party serves, an order denying the motion or a notice of entry of that

8

order; [¶] (2) 90 days after the first notice of intention to move–or motion–is filed; or [¶] (3) 180 days after entry of judgment." (Italics added.)

In the present case, the record reflects that on May 8 and May 10, 2012, defendants served notices of entry of the judgments of dismissal. Pursuant to rule 8.104(a)(1)(B), the time for Thompson to file a notice of appeal from the judgments of dismissal expired 60 days later. Within that time frame, Thompson filed a motion to vacate the judgment on June 11, 2012. Pursuant to rule 8.108(c), the time for her to file an appeal from the judgment was therefore extended until the earliest of the three timeframes set forth in that rule.

The record reflects that Thompson filed the motion to vacate the judgment on June 11, 2012. Pursuant to rule 8.108(c)(2), the time to appeal from the judgment expired 90 days later. Because the 90th day was a Sunday, Thompson had until the next day, September 10, 2012, to file her notice of appeal. (§§ 10, 12, 12a; Rule 8.60(a); *Silverbrand*, *supra*, 46 Cal.4th at pp. 111-112, fn. 3.) Thompson did not file her notice of appeal until October 24, 2012, and thus it was untimely.

As rule 8.108(c) provides that the deadline for filing the notice of appeal is the "earliest" of the three timeframes set forth in that rule, and in view of our determination that the notice of appeal was untimely under subparagraph (2), we need not reach the issue of whether the notice of appeal was untimely under the other timeframes. We nevertheless observe that the notice of appeal was also untimely under subparagraph (1), which provides that the notice of appeal must be filed within 30 days after service of a notice of entry of the order denying the motion to vacate the judgment. In this case, the notice of entry of the order denying the motion to vacate the judgment was served on Thompson on August 29, 2012. The 30-day period expired on September 28, 2012, but Thompson did not file her notice of appeal until the following month on October 24, 2012.

In view of our conclusion that Thompson's notice of appeal is untimely as to the judgments under rule 8.108(c), we need not address the issue of whether Thompson's motion to vacate the judgment was a "valid" motion as required by that rule.

## IV.  DISPOSITION

The August 2012 order denying plaintiff Debbie Alice Thompson's motion to vacate the judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.


WE CONCUR:




_____
MIHARA, J.




_____
GROVER, J.




*Thompson v. One West Bank*
**H038932**