Filed 9/28/20  Wagner v. City of Santa Ana CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MATT WAGNER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF SANTA ANA,<br><br>    Defendant and Respondent;<br><br>PURPLE HOLLISTIC,<br><br>    Real Party in Interest and Respondent. | G058405<br><br>(Super. Ct. No. 30-2019-01049618)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Theodore R. Howard, Judge.  Dismissed.

Donna Bader for Plaintiff and Appellant.

Sonia R. Carvalho and Kyle C. Nellesen; Dentons US and Justin Reade Sarno for Defendant and Respondent.

Segreti Law Office and Louis M. Segreti for Real Party in Interest and Respondent.

## INTRODUCTION

The appeal of Matt Wagner from the denial of his petition for writ of mandate to compel respondent City of Santa Ana to issue him a permit for an adult-use marijuana retail business must be dismissed for lack of jurisdiction. Wagner's notice of appeal was fatally deficient: it identified no order or judgment from which he appealed or the date of any order or judgment. It did not specify the code section authorizing the appeal. It did not even give his name as the appellant. Although California has a policy of liberal construction of notices of appeal, we must have something to construe. A notice of appeal that is, in effect, a blank page does not comply with California Rules of Court, rule 8.100 and is insufficient to confer jurisdiction. We requested and received supplemental briefing on the jurisdictional issue.

## FACTS

The origin of this dispute lies in the legalization of marijuana, first for medicinal purposes and then for general adult use. Santa Ana's municipal code was amended in 2015 to regulate medical marijuana dispensaries. Regulatory service permits (RSPs) were distributed through a lottery. Unsuccessful applicants for permits were placed on a waiting list, and as the lottery winners dropped out for one reason or another, applicants moved off the waiting list and onto the eligibility list.

Both Wagner and real party in interest Purple Hollistic were on the 2015 waiting list. Purple Hollistic's position was 18; Wagner's was 159.

In 2017, Chapter 40 was added to the Santa Ana Municipal Code to regulate adult-use marijuana retail businesses. Both Purple Hollistic and Wagner applied for one of the limited number of adult-use RSPs. Santa Ana refused to continue processing Wagner's application because Purple Hollistic had already applied for a retail permit at the site Wagner had chosen, and the regulations prohibited two marijuana businesses from operating within 500 feet of each other.

Wagner petitioned for a writ of mandate against both Santa Ana and Purple Hollistic. He had a number of complaints about the processing of his adult-use application and about Santa Ana's purportedly preferential and improper treatment of Purple Hollistic's application. In essence he wanted the trial court to disqualify Purple Hollistic as an applicant and order Santa Ana to process his application and, presumably, grant him an adult-use RSP. The theory seemed to be that with Purple Hollistic out of the way, nothing stood between Wagner and his RSP.

After a hearing on July 18, 2019, the trial court denied the petition for writ of mandate. The court issued a minute order on the same day. It took the matter under submission to rule on Wagner's insistence he was entitled to a trial and statement of decision. The court issued a statement of decision on August 19, once again denying the petition.[1] The record does not include a final judgment of dismissal.

Wagner filed a notice of appeal on October 2, 2019. The caption information was filled out, and Wagner's attorney signed the notice. Other than a check in the box for "other," however, the notice provides no further information. The name of the appellant, the order appealed from, and the date of the order are not included. In addition, the description of the matter appealed and the code section authorizing the appeal – required information when checking the "other" box – is not provided.

## DISCUSSION

California Rules of Court, rule 8.100(a)(2) provides: "The notice of appeal must be liberally construed. *The notice is sufficient if it identifies the particular judgment or order being appealed.* The notice need not specify the court to which the appeal is taken; the appeal will be treated as taken to the Court of Appeal for the district in which the superior court is located." (Italics added.)

---

[1] The court issued a statement of decision even though Wagner had not complied with Code of Civil Procedure section 632 by specifying the controverted issues as to which he was requesting a statement of decision. The court made its own choice about which issues were controverted.

3

In this case, Wagner's notice of appeal did not identify any particular judgment or order, either by name or by date. The only mark made on the Judicial Council form notice of appeal was a check mark in the "other" box, without any further information regarding the code section authorizing the appeal. The notice did not even include Wagner's name in the space on the form for the appellant's name.

A notice of appeal that fails to specify the judgment or order appealed from is insufficient to confer jurisdiction on a reviewing court. (See *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 239, 240; *Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89-90; *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170 ["'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' [Citation.] We have no jurisdiction over an order not mentioned in the notice of appeal"].) "Despite the rule favoring liberal interpretation of notices of appeal, a notice of appeal will not be considered adequate if it completely omits any reference to the judgment being appealed." (*Shiver, McGrane & Martin v. Littell* (1990) 217 Cal.App.3d 1041, 1045.)

Wagner has cited a dozen cases in which the appeal went forward despite deficiencies in the notice of appeal. In none of these cases, however, was the form a complete blank. In *D'Avola v. Anderson* (1996) 47 Cal.App.4th 358, for example, the mistake was the wrong case number. The name of the order appealed from was meticulously spelled out as was the date of the order. (*Id.* at pp. 360-361.) In two dependency cases, the notice of appeal specified the jurisdiction order (non-appealable) instead of the disposition order (appealable) issued on the same day. The reviewing courts construed the notice of appeal to be from the latter. (*In re Daniel Z.* (1992) 10 Cal.App.4th 1009, 1017; *In re Jennifer V.* (1988) 197 Cal.App.3d 1206, 1208-1209.) In other cases, the notice specified a non-appealable order instead of the accompanying judgment. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19 [order denying motion for new trial]; *Setliff v. E. I. Du Pont de*

4

*Nemours & Co.* (1995) 32 Cal.App.4th 1525, 1532-1533 [order sustaining demurrer]; *Luz v. Lopes* (1960) 55 Cal.2d 54, 59.)  In still other cases, the wording of the notice created a possible ambiguity as to what issues the appeal encompassed.  (*Harrelson v. Miller & Lux, Inc.* (1920) 182 Cal. 408, 414-415; *In re Joshua S.* (2007) 41 Cal.4th 261, 272.)  In no case, however, did the notice of appeal fail to specify any order or judgment at all.  Before the question of whether the notice was "reasonably clear" arose in these cases, there was some indication on the notice itself of what the appeal was about.

Wagner's argument implies that a party who left the notice of appeal substantially blank should be given a pass, even though a party who filled out the form incorrectly can have his appeal dismissed.  The "liberal construction" rule presupposes that there is something in the notice of appeal to interpret.  In this case, however, there is nothing.

## DISPOSITION

The appeal is dismissed.  Respondents are to recover their costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


ARONSON, J.


IKOLA, J.


5