Filed 12/14/20  Torru v. Price CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOSCELYN JONES TORRU, | |
| Plaintiff and Appellant, | A158400 |
| v. | |
| PAMELA Y. PRICE, | (Contra Costa County |
| Defendant and Respondent. | Super. Ct. No. N19-1034) |

Plaintiff Joscelyn Jones Torru filed a petition to confirm an attorney-client fee award rendered pursuant to nonbinding arbitration under the Mandatory Fee Arbitration Act (MFAA) (Bus. & Prof. Code, § 6200 et seq.).[1] The trial court denied the petition, finding defendant Pamela Y. Price had timely rejected the award by filing a complaint after sending a letter stating her intent to reject the award.  Jones Torru appeals.  We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.   Attorney-client Relationship

In October 2016, Price and Jones Torru executed an attorney-client retainer agreement.  The agreement stated that Jones Torru would provide legal advice and representation to Price in a guardianship case filed in

---

[1] Unless otherwise indicated, all further section references will be to the Business and Professions Code.

Alameda County. It also provided that any controversy between Price and Jones Torru "concerning fees or costs, or legal services rendered, that is, as to whether any services were unnecessary, unauthorized, [or] improperly or negligently rendered, shall be submitted to binding Arbitration and not by lawsuit or resort to Court process except as State law provides for judicial review of arbitration proceedings. Such Arbitration shall be pursuant to the Rules of the American Arbitration Association."

The attorney-client relationship between Jones Torru and Price subsequently deteriorated, and the court granted Jones Torru's motion to be relieved as counsel in the guardianship case.

## B. Nonbinding Arbitration Under the MFAA

As the attorney-client relationship deteriorated, a fee dispute arose between the parties. Price then requested nonbinding arbitration of the dispute under the MFAA. As explained in more detail below, the MFAA is a distinct statutory scheme for the arbitration of attorney-client fee disputes and allows a client to request nonbinding arbitration under its provisions, despite a contractual agreement between the parties for binding arbitration. (§ 6201, subd. (a); *Schatz v. Allen Matkins Leck Gamble & Mallory LLP* (2009) 45 Cal.4th 557, 565–566 (*Schatz*).) If nonbinding arbitration under the MFAA is commenced by the client, it is mandatory for the attorney. (§ 6200, subd. (c).)

The nonbinding arbitration under the MFAA was conducted on March 19, 2019. On March 28, 2019, the arbitrator issued his findings and award. The arbitrator described Price's claims as "numerous," including "fraud and deceit in the contract's formation, inflated and unreasonable billings, improper post-termination billings, illegal fees charged, and breach of fiduciary duty to charge only fair, reasonable, and conscionable fees." In

2

the arbitration, Price had demanded "that all fees charged by [Jones Torru] be denied and that [Jones Torru] return all funds paid by [Price] and that any and all outstanding charges be denied." The arbitrator found that Jones Torru had charged Price $33,171.70, factoring in discounts already applied on Jones Torru's billing. Price had previously paid Jones Torru $6,250, leaving an outstanding balance of $26,921.70. The arbitrator found that Jones Torru's billing should be further reduced by $875 but that the remaining fees were otherwise proper. The arbitrator awarded $26,046.70, plus interest, to Jones Torru.

## C.   Price's April 4, 2019 Letter

On April 4, 2019, Price sent a letter to Jones Torru's attorney with a "CONFIDENTIAL SETTLEMENT OFFER" heading. The letter indicated that Price had received and reviewed the arbitrator's award. It also stated: "I am writing to confirm that my intent [*sic*] to reject his decision pursuant to Business & Professions Code Section 6204. Prior to initiating the required litigation, however, I wanted to give your client another opportunity to resolve the matter by making an offer to resolve all claims between the parties by payment of $5000 to her." The letter concluded that the offer would "remain open for a period of fourteen (14) days" and if "not accepted on or before April 18, 2019, it will be deemed rejected."

## D.   Price's Complaint

On April 25, 2019, Price filed a complaint in Contra Costa County. The complaint alleged six causes of action: (1) breach of the implied covenant of good faith; (2) breach of fiduciary duty; (3) breach of contract; (4) fraud; (5) money had and received; and (6) declaratory and injunctive relief. It alleged that Jones Torru had charged Price $33,171.70: $350 for initial consultation; $5,250 for retainer; $1,000 for costs; $7,349.13 on the first

3

invoice; $15,554.39 on the second invoice; and $3,668.18 on the third, final invoice. It also alleged that Price had paid Jones Torru $6,250. The complaint alleged that Jones Torru "has demanded that Price pay all three of her invoices" but "Price has refused to pay an [*sic*] additional amounts to Defendant JT. Price seeks a judicial determination of the reasonableness of Defendant JT's billing and conduct toward Price." The prayer for relief included compensatory and special damages, prejudgment interest, injunctive relief to enjoin "any action to seek to collect any amounts allegedly owed to [Jones Torru] from Price," and declaratory relief that Jones Torru "is not entitled to recover or receive any additional funds from Price for attorneys' fees or costs under the Retainer Agreement . . . ."

On April 30, 2019, Price attempted to file a Rejection of Award and Request for Trial After Attorney-client Fee Arbitration using Judicial Council form ADR-104. The deputy clerk issued a correspondence memo that the clerk could not "FILE/ISSUE" the form because it contained contradictory information about whether there was a pending court case concerning the dispute. Price successfully filed another ADR-104 form on May 1, 2019.

On May 7, 2019, Price filed a first amended complaint. The first amended complaint contained the same six causes of action and prayer for relief, but newly alleged: "On April 4, 2019, Price notified Defendant JT's counsel in writing that she intended to reject the arbitrator's Findings and Award pursuant to Business & Professions Code Section 6204. Price seeks a trial de novo and judicial determination of the reasonableness of Defendant JT's billing and conduct toward Price."

E. **Jones Torru's Petition to Confirm Arbitration Award**

On June 12, 2019, Jones Torru initiated a new action in Contra Costa County by a petition to confirm the March 28, 2019 arbitration award. The

4

petition requested that the court enter a judgment against Price in the sum of $26,046.70 with interest. Jones Torru argued that the award was binding under the MFAA because Price had failed to timely reject the award and selected the wrong forum for rejection of the award.

On August 29, 2019, the trial court denied the petition. The trial court found that Price's April 25, 2019 complaint was sufficient to constitute a rejection of the arbitration award. The trial court also considered Price's April 4, 2019 letter, overruling Jones Torru's objection that the letter was inadmissible under Evidence Code section 1152. The trial court explained that "[a]ll these facts taken together, convince the Court that [Price's] action met the requirements of section 6204(c)." It concluded: "Therefore, the Court finds that Price's rejection of the arbitration award was timely."

The trial court also rejected Jones Torru's argument that the retainer agreement required Price to initiate binding arbitration if she wanted to reject the arbitrator's award. It explained that a party may file a lawsuit even if there is a potentially applicable arbitration case, although the court "may still order the parties to arbitration after a lawsuit has been filed." The trial court concluded that "Price may believe that the arbitration clause is unenforceable or not covered by this dispute and thus, she is not required to initiate an arbitration proceeding."

This appeal followed.

## DISCUSSION

Jones Torru makes two primary arguments on appeal.[2] She argues that the trial court abused its discretion in overruling her objection under

---

[2] We need not address Jones Torru's third argument that failure to timely reject an arbitration award under the MFAA cannot be excused by Code of Civil Procedure section 473, as Price confirms that she does not make any contrary argument.

5

Evidence Code section 1152 and finding the April 4, 2009 letter admissible. She also argues that the trial court erred in finding that Price had timely rejected the arbitration award as required by the MFAA. We address each argument in turn.

## I. ADMISSIBILITY OF APRIL 4, 2009 LETTER

Jones Torru challenges the trial court's ruling regarding the admissibility of the April 4, 2019 letter. Price submitted the letter as an exhibit to her declaration in opposition to Jones Torru's petition. Jones Torru objected to the exhibit, arguing that it was "evidence of a settlement offer and negotiations" and thus inadmissible under Evidence Code section 1152. The trial court overruled the objection, finding the letter admissible "to show that Price notified Torru of her rejection of the arbitrator's award on April 4, 2019."

We review the trial court's ruling on admissibility of evidence under Evidence Code section 1152 for abuse of discretion. (*Caira v. Offner* (2005) 126 Cal.App.4th 12, 32 (*Caira*).) Evidence Code section 1152, subdivision (a) provides, in relevant part: "Evidence that a person has, in compromise . . . , furnished or offered or promised to furnish money or any other thing, act, or service to another who has sustained . . . loss or damage, as well as any conduct or statements made in negotiation thereof, is inadmissible to prove his or her liability for the loss or damage or any part of it."

While we agree that Price was negotiating a compromise of the fee dispute in her April 4, 2019 letter, we also agree with the trial court that the letter does not fall within the purview of Evidence Code section 1152. The statements in the letter were not admitted to demonstrate liability of either Price or Jones Torru but to establish that Jones Torru had received notice that Price was rejecting the arbitration award.

6

Jones Torru's argument that the facts here should be analogized to the facts of *Caira* is not persuasive. In *Caira*, the appellate court concluded there was no abuse of discretion in excluding an email sent during settlement negotiations where one party "sought admission of the e-mail to prove a claim that was specifically discussed in the e-mail." (*Caira, supra*, 126 Cal.App.4th at p. 36.) Unlike *Caira*, Price did not offer her April 4, 2019 letter to prove any of her claims against Jones Torru, but instead to show that Price provided notice of her intent to reject the award. Accordingly, we conclude that the trial court did not abuse its discretion in finding the April 4, 2019 letter admissible.

## II. TIMELY REJECTION OF ARBITRATION AWARD

Jones Torru also argues that the trial court erred in finding that Price had timely rejected the arbitration award. Even considering the April 25, 2019 complaint with the April 4, 2019 letter, Jones Torru contends that Price failed to meet the requirements of the MFAA. In ascertaining whether the trial court's finding was in error, we begin with a brief overview of the MFAA.

### A. Overview of the MFAA

The MFAA is a statutory scheme that provides for the arbitration of attorney-client disputes over legal fees, costs, or both. (*Schatz, supra*, 45 Cal.4th at pp. 564–565.) Enacted in 1978, the MFAA was established "to protect clients as consumers of legal services in general." (*Alternative Systems, Inc. v. Carey* (1998) 67 Cal.App.4th 1034, 1044; see *Schatz*, at pp. 564–565 [explaining that the MFAA recognizes " 'the "disparity in bargaining power in attorney fee matters which favors the attorney in dealings with infrequent consumers of legal services" ' "].)

The MFAA has its own rules and limitations, distinct from those that govern private arbitration under the California Arbitration Act. (*Schatz*,

7

*supra*, 45 Cal.4th at p. 565.)  Arbitration under the MFAA is " 'based on a statutory directive and not the parties' agreement.' " (*Ibid.*)  Accordingly, a client may request nonbinding arbitration under the MFAA despite having a contractual agreement with his or her lawyer for binding arbitration. (§ 6201, subd. (a); *Schatz*, at pp. 565–566.)  If a client commences nonbinding arbitration under the MFAA, it is mandatory for the attorney.  (§ 6200, subd. (c).)

An award rendered pursuant to an arbitration under the MFAA is not binding, absent a written agreement by the parties to make it binding. (§ 6204, subd. (a).)  But "[e]ven if the parties to the arbitration have not agreed in writing to be bound, the arbitration award shall become binding upon the passage of 30 days after service of notice of the award, unless a party has, within the 30 days, sought a trial after arbitration pursuant to Section 6204."  (§ 6203, subd. (b).)

The specific procedure for seeking a trial after arbitration depends on whether there is a court action concerning the fee dispute that is already pending.  (§ 6204, subd. (b) (section 6204(b).)  If there is a pending action, the party must file "a rejection of arbitration award and request for trial after arbitration in that action within 30 days after service of notice of the award." (*Ibid.*)  If no action is pending, the party must commence "an action in the court having jurisdiction over the amount of money in controversy within 30 days after service of notice of the award."  (*Id.*, subd. (c) (section 6204(c).)  The trial after arbitration is then "conducted de novo, essentially as if no arbitration had occurred."  (*Maynard v. Brandon* (2005) 36 Cal.4th 364, 373.)

## B. Standard of Review

The parties dispute the appropriate standard of review on this issue: Jones Torru argues that the de novo standard applies, while Price argues

8

that the trial court's ruling should be reviewed for abuse of discretion. We find *Giorgianni v. Crowley* (2011) 197 Cal.App.4th 1462 (*Giorgianni*) on point here. In *Giorgianni*, the defendant attorney filed a small claims action after an arbitration award was rendered to his former client. (*Id.* at p. 1469.) The appellate court explained that it "must decide here whether Crowley's filing of the small claims action constituted an effective rejection of the Award under the MFAA. Since that decision is based upon an interpretation of the relevant MFAA statutes and an application of that interpretation to the undisputed facts presented here, these questions of law are subject to independent review." (*Id.* at pp. 1471–1472; see *Loeb v. Record* (2008) 162 Cal.App.4th 431, 441 ["Issues of statutory interpretation and the application of that interpretation to a set of undisputed facts are questions of law subject to independent review by this court"].)[3]

So too in this appeal, we must decide whether Price satisfied the provisions of the MFAA that required her to seek and commence a trial after arbitration. That decision is based on statutory interpretation and application of that interpretation to undisputed facts: namely, Price's April 4, 2019 letter and April 25, 2019 complaint. Accordingly, we review the trial court's ruling de novo.

---

[3] We note that the issue in *Giorgianni* was whether the small claims court satisfied the definition of "the court having jurisdiction over the amount of money in controversy" in section 6204(c). (*Giorgianni, supra,* Cal.App.4th at p. 1473.) As discussed *post*, the issue presented here is whether Price's April 25, 2019 complaint satisfied the definition of "commencement of an action" in section 6204(c) and sufficiently informed Jones Torru that Price was rejecting the arbitration award. (*Shiver, McGrane & Martin v. Littell* (1990) 217 Cal.App.3d 1041, 1045 (*Shiver*).)

## C. Analysis

As this is a matter of statutory interpretation subject to our de novo review, we begin with the terms of the relevant MFAA provisions, affording the words their " 'usual and ordinary meaning' " and viewing them in their statutory context "in order to effectuate the law's purpose." (*Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 387.) Section 6203, subdivision (b) provides that an arbitration award shall become binding unless a party seeks a "trial after arbitration pursuant to Section 6204" within 30 days. Accordingly, we look to the procedures described in section 6204 to determine whether Price met this requirement to seek a trial after arbitration.

As described above, subdivisions (b) and (c) of section 6204 set forth the specific procedure for seeking a trial after arbitration, depending on whether there is a court action already pending. The parties agree that the procedure applicable here is section 6204(c), as there was no court action pending when Price filed her April 25, 2019 complaint. Section 6204(c) states, in straightforward terms, that "the trial after arbitration shall be initiated by the commencement of an action in the court having jurisdiction over the amount of money in controversy within 30 days after service of notice of the award." Based on the plain language of the statute, we conclude that Price's filing of her April 25, 2019 complaint constituted the commencement of an action 28 days after the March 28, 2019 arbitration award, and thus satisfied the requirement of section 6204(c).

Jones Torru makes three arguments to the contrary. First, she argues that the April 25, 2019 complaint is insufficient because it does not mention the arbitration or specifically allege that Price was rejecting the award. Second, she challenges Price's first attempt and subsequent filing of the

10

ADR-104 form, arguing that they were untimely and show that Price knew the April 25, 2019 complaint was insufficient. Third, she argues that Price's dispute was filed in the wrong forum, as the retainer agreement required Price to submit her dispute to binding arbitration instead of filing the April 25, 2019 complaint in court. As detailed below, we do not find the arguments persuasive.

### 1. *Sufficiency of April 25, 2019 Complaint*

Jones Torru argues that the April 25, 2019 complaint is insufficient because it does not specifically allege that the arbitration occurred or that Price was rejecting the award, instead making "general allegations" and asserting claims that were not made in the arbitration. Jones Torru relies on *Shiver* to support her position.

We agree with the trial court that *Shiver* is distinguishable from the facts here. In *Shiver*, a law firm demanded payment of outstanding fees after its relationship ended with clients Robert and Joyce Littell. (*Shiver*, *supra*, 217 Cal.App.3d at pp. 1043–1044.) The Littells exercised their right to nonbinding arbitration under the MFAA, and the arbitrator subsequently awarded fees to the firm. (*Id.* at p. 1044.) A month later, Mr. Littell filed a " 'Complaint for damages for Legal Malpractice' " against only one of the attorneys at the law firm, alleging that the attorney's negligent performance of legal services had damaged him in an unspecified sum. (*Ibid.*) *Shiver* concluded that Mr. Littell's malpractice complaint did not satisfy the requirements of section 6204(c) for three reasons. (*Id.* at p. 1045.) First, the arbitration was between the law firm and both Littells, whereas the malpractice action was instituted by Mr. Littell alone against one of the attorneys in the firm as an individual. (*Ibid.*) Second, the arbitration was "not mentioned in the complaint and there is no indication that the fees

11

challenged in the malpractice action are the same fees awarded to respondent by the arbitrator." (*Ibid.*) Third, "the filing of the malpractice action would not necessarily inform respondent that appellants intended to challenge the award." (*Ibid.*)

These three reasons do not apply with equal force to the facts here. First, unlike *Shiver*, Price's April 25, 2019 complaint involved the same two parties as the arbitration: Price and Jones Torru. Second, while the complaint did not specifically allege that the arbitration had occurred, it explicitly challenged the same fees that were awarded to Jones Torru in arbitration. It alleged that Jones Torru had charged Price $33,171.70 and that Price had paid Jones Torru $6,250, thus reflecting the same outstanding balance of $26,921.70.

Third, the April 25, 2019 complaint informed Jones Torru that Price was intending to challenge the arbitration award. The complaint specifically requested declaratory relief that Jones Torru "is not entitled to recover or receive any additional funds from Price for attorneys' fees or costs under the Retainer Agreement . . . ." Such a request was equivalent to the rejection of the arbitration award. Moreover, the causes of action were consistent with the other claims Price made in the arbitration, including "fraud and deceit in the contract's formation" and "breach of fiduciary duty."

Finally, while the April 4, 2019 letter alone did not satisfy the requirements of section 6204(c), we agree with the trial court that it further demonstrates that Jones Torru had notice that Price was rejecting the award. In the letter, Price stated her intent to reject the award and made a settlement offer open for 14 days "[p]rior to initiating the required litigation . . . ." Price filed her complaint 21 days later. On this record, we

12

conclude that Price satisfied the requirement of section 6204(c) to initiate a trial after arbitration.[4]

## 2. *Rejection of Award*

Jones Torru argues next that Price did not file a timely rejection of the award because both her first attempt and her subsequent filing of the ADR-104 form were made after the 30-day deadline and show that Price knew her April 25, 2019 complaint was insufficient. We disagree.

As a preliminary matter, the ADR-104 form itself indicates it is a "Form Approved for Optional Use." Moreover, section 6204(c) does not require a party to file a specific rejection, using this form or otherwise. In contrast, *section 6204(b)* requires the "filing [of] a rejection of arbitration award and request for trial after arbitration in that action" to initiate a trial after arbitration *if there is a court action already pending*. But section 6204(b) is inapplicable because, as explained above, there was no pending action when Price filed her April 25, 2019 complaint. The fact that Price attempted to file (and then later filed) the ADR-104 form, even though she was not required to do so and the 30-day deadline had passed, does not negate our conclusion that Price had already satisfied the requirement of section 6204(c).

## 3. *Forum*

Finally, Jones Torru argues that Price did not satisfy section 6204(c) because she filed her April 25, 2019 complaint in the wrong forum. Jones Torru does not challenge Price's election to pursue nonbinding arbitration under the MFAA. Nor does she contend that the April 25, 2019

---

[4] Given this conclusion, we need not address Price's alternative argument that her first amended complaint relates back to the filing of her original complaint and thus satisfies section 6204(c).

complaint should have been filed in some other court.  Instead, she relies on *Schatz* to argue that instead of initiating a court action by her April 25, 2019 complaint, Price should have submitted her dispute to binding arbitration as required by the arbitration provision in the retainer agreement.

We again agree with the trial court that Price was not required to initiate an arbitration proceeding pursuant to the retainer agreement.  As explained in *Sargon Enterprises, Inc. v. Browne George Ross LLP* (2017) 15 Cal.App.5th 749, 769, a party to an arbitration agreement may file a lawsuit in court and then argue that the agreement is not binding, unenforceable, or inapplicable to the dispute.  The opposing party may respond by filing a petition to compel arbitration of the dispute.  (*Id.* at p. 767.)  *Schatz* is consistent with this framework, concluding that the right to a trial under section 6204 "would appear to be subject to a demurrer or summary judgment motion designed to compel contractual arbitration."  (*Schatz*, *supra*, 45 Cal.4th at p. 573.)  Here, Jones Torru could have asserted her contractual right to arbitrate by petitioning to compel arbitration after Price filed her April 25, 2019 complaint.  Regardless of how Jones Torru responded to the complaint, Price satisfied the requirement of section 6204(c) by filing her April 25, 2019 complaint "in the court having jurisdiction over the amount of money in controversy within 30 days after service of notice of the award."

In sum, we conclude that the trial court did not err in denying Jones Torru's petition to confirm the arbitration award.  Accordingly, we also reject Jones Torru's request for fees and costs incurred on appeal.

## DISPOSITION

The judgment is affirmed.  Price is entitled to her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

14

_____
Jackson, J.

WE CONCUR:


_____
Fujisaki, Acting P. J.


_____
Petrou, J.


A158400/*Jones Torru v. Price*

15